LOUIS WISE ET AL. *v.* ELIZA E. BROOKS ET AL.

EQUITY. *Accident. Mistake. Reformation of contract. Intent.*

> Equity will not reform a contract to make it express what the parties, but for a misapprehension, would have intended. The real question is, what did the parties intend at the time, informed as they were?

FROM the chancery court of Yazoo county.
HON. H. C. CONN, Chancellor.

Appellees, Louis and Herman Wise, partners as Wise Bros., filed this bill seeking reformation of certain deeds, because of an alleged mistake in the description of land. The history of the title, as shown by the record, is as follows:

The land is part of a large tract originally owned by John Everett, who is the common source of title. He conveyed to one Rowe, in trust for Rowe's wife, who was the daughter of the grantor, a certain irregular-shaped tract of land described entirely by metes and bounds, the deed reciting that it contained "one hundred acres, more or less." This tract is a part of the S. E. ¼, and E. ½ of the N. E. ¼, of section 1, township 12, range 2, and lies north of a small stream known, as Piney creek, which traverses this land. Afterwards, John Everett conveyed to his son, James Everett, the above described land, except that conveyed to Rowe, the excepted portion being described in the deed merely by a reference to the record.of the deed to Rowe, trustee. James Everett conveyed to his brothers, H. C. and G. W. Everett, an undivided two-thirds interest in said land, the conveyance containing

the same description as that in the deed to himself.   This
two-thirds interest passed, by trust-deed and sale thereunder,
to Joseph Gallinger.   The trustee's deed purported to convey
a two-thirds interest in all the land, omitting any reference to
the excepted portion.   Gallinger conveyed it to James E. and
G. W. Everett by the same description, taking a trust-deed
thereon to secure the purchase-money.   The trust-deed was
foreclosed by the trustee, and a deed a second time made to
Joseph Gallinger.   Afterwards the remaining one-third of
the undivided interest of James E. Everett was levied on by
the sheriff under execution, and passed by the sheriff's deed
to Mary F. Bedwell.   In this deed the excepted portion of
the land is described as "less one hundred acres north of
Piney."   Thus Joseph Gallinger and Mary F. Bedwell became
tenants in common of the land described in the several deeds,
less the excepted portion.

Joseph Gallinger having died intestate, Mrs. Bedwell filed
her bill against his widow and heirs for a partition of these
and other lands.   The bill followed the description of the
land as it appeared in the sheriff's deed, the excepted part
being described as "one hundred acres north of Piney."   A
decree for partition was rendered, and, in making the allot-
ment, the commissioners were guided by the same description,
the part allotted to Mrs. Gallinger being the S. E. $\frac{1}{4}$, and E. $\frac{1}{2}$
of the N. E. $\frac{1}{4}$ of section 12, range 1, "except one hundred
acres lying north of Piney."   The report of the commission-
ers was confirmed and recorded.

Subsequently Mrs. Bedwell and Mrs. Gallinger, by separate
deeds, conveyed their interests to Henry E. Miller, who con-
veyed to complainants, Wise Bros.   These deeds followed the
description contained in the sheriff's deed and used in the
partition proceedings, but the deed from Mrs. Gallinger to
Miller expressly excepted the land lying north of said creek.

As a matter of fact, the tract of land originally conveyed
to Rowe, trustee, and taken possession of by him, and alleged
in the deed to contain "one hundred acres, more or less,"

contained only about seventy acres, and since the deeds to Mrs. Bedwell and Gallinger contain an exception of one hundred acres lying north of Piney creek, there remains about thirty acres not disposed of by the deeds, and which continued in the possession of the heirs of John Everett.

This bill is filed by Wise Bros., who allege that in all the conveyances above mentioned, including the sheriff's deed, and in the partition proceedings, where the excepted tract of land is described as " one hundred acres north of Piney," the intention of the parties was to convey and describe the same tract originally conveyed by John Everett to Rowe, trustee; in other words, that the land excepted from the conveyances, instead of being one hundred acres lying north of Piney creek, was intended to be only so much thereof as was included in the metes and bounds of the deed to Rowe, which embraced, as stated, only about seventy acres. Geo. W. and James E. Everett, and heirs of John Everett, and of Mrs. Rowe, and also Mrs. Bedwell and Henry E. Miller are made parties defendant to the bill, which prays for a reformation of all the foregoing deeds, including the sheriff's deed, and the partition proceedings, so as to carry out the alleged true intention.

The defendants all denied the material allegations of the bill except Henry E. Miller, who admitted in his answer that he understood at the time of his purchase from Mrs. Gallinger that he was to get all of the E. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 1, except the Rowe tract. It was shown in the evidence that the commissioners who partitioned the land between Mrs. Bedwell and the heirs of Joseph Gallinger did not intend to allot to Mrs. Gallinger any other land than that described in their report.

The decree of the chancellor dismissed the bill, and from this decree complainants appeal.

*W. S. Epperson*, for appellants.

The intention throughout the conveyances, wherever the excepted portion of the land is described as " one hundred

acres north of Piney," is to except the Rowe tract. If, through mistake or accident, a writing has not been made to speak the agreement of the contracting parties, it will be reformed to truly represent what the parties intended it should. *Cummings* v. *Steele*, 54 Miss., 647; 1 Story, Eq. Jur., § 159.

*T. H. Campbell*, for appellees.

Instruments can only be reformed where they fail to express the actual agreement made by the parties to it. *Kerr* v. *Kuykendall*, 44 Miss., 137; *Norton* v. *Coley*, 45 *Ib.*, 125; *Campbell* v. *Henry*, *Ib.*, 326; *Dunbar* v. *Newman*, 46 *Ib.*, 231.

Complainants fail to bring themselves within this rule. It is evident that neither Mrs. Gallinger, Miller, Mrs. Bedwell nor complainants thought or knew that they had any claim to the land in controversy, until after their purchase, but supposed it formed part of the Rowe tract. It did not enter into or form any part of the consideration for their respective purchases. The answer of Miller is not evidence against his co-defendants.

The testimony shows that the commissioners, in making the allotment to Mrs. Gallinger, did not intend to embrace any other land than that described. Moreover, the deed from Mrs. Gallinger to Miller expressly excepts the land north of Piney creek, thus showing plainly an intention different from that alleged in the bill. Equity will not relieve against a mistake of fact, unless it is material and the efficient cause of the agreement. Story, Eq. Jur., § 141; 6 So. Rep., 264.

The bill seeks to reform the sheriff's deed, and also the partition proceedings. This cannot be done. *Bowers* v. *Andrews*, 52 Miss., 597; *Cogburn* v. *Hunt*, 56 *Ib.*, 718..

The decree in the partition proceedings cannot be altered after the expiration of the term. *Wiggle* v. *Owen*, 45 Miss., 691; *Ledger* v. *Henderson*, 46 *Ib.*, 260.

*Henry & Richardson*, on the same side.
No brief on file.

Campbell, C. J., delivered the opinion of the court.

The bill makes a very proper case for the remedial power of a court of chancery, which may, in proper cases, rectify mistakes either in sheriffs' deeds or court proceedings, but, unfortunately for the complainants, they have failed to maintain their bill by sufficient evidence. It is doubtless true that, but for misapprehension as to the extent of the operation of the deed to Rowe, the parties would have proceeded differently; but that is not the question for equity to consider in a proceeding to reform contracts. It is not what the parties would have intended if they had known better, but what did they intend at the time, informed as they were.

*Affirmed.*