ANDREW JONES *v.* FREDERICK JONES.

[41 South. Rep., 373.]

EQUITY. *Reformation of deeds. Evidence. Sufficiency.*

> In a suit to reform a deed, the terms of which are definite and unambiguous, the complainant must show that mutual mistake, fraud or error occurred in the making of the deed, and this he must do by evidence which practically excludes every other reasonable hypothesis.

FROM the chancery court of Madison county.

HON. ROBERT B. MAYES, Chancellor.

Frederick Jones, the appellee, was complainant in the court below; Andrew Jones, the appellant, was defendant there. From a decree in complainant's favor the defendant appealed to the supreme court.

Reuben Jones, deceased, who in his lifetime owned a tract of land, died leaving a will by which he devised the dwelling house in which his wife, whom he had abandoned, lived, to her, and his other lands to his brother Frederick. The widow renounced the will and instituted a suit in chancery to obtain her full share of her deceased husband's estate. Finally, in order to get the suit dismissed, Frederick Jones agreed to convey to Andrew Jones, an illegitimate son of Reuben Jones, deceased, ninety acres of

the land.  A tract of ten acres with a house on it was selected, and another tract supposed to contain eighty acres was designated and pointed out.  The deed to the second tract called for eighty acres, and after the deeds had been executed to both tracts, Frederick Jones claimed to have discovered that the second tract contained only sixty-two acres, and that the eighty-acre conveyance which he had made to Andrew Jones included eighteen acres of land which he, Frederick, was working and did not wish to surrender.  He thereupon filed his bill for reformation.

*J. B. Chrisman,* for appellant.

Mutual mistakes not only ought to be remedied by a court of equity, but the mutual mistake may be shown by parol evidence. But this jurisdiction of the chancery court has certain limitations, without which, written contracts, mortgages, and deeds would be a mockery.  So revolutionary a remedy has fixed and settled boundaries beyond which the chancery court will not go in the exercise of its power.

If anything is settled by the testimony in this case, it is that the leading intent and purpose of Andrew Jones, defendant, in which complainant concurred, was that defendant should acquire ninety acres of land.

It is abundantly shown that both of the parties' minds were directed to this feature of the transaction.  It does not matter that they were mistaken as to where the line run.  Their minds were not fixed on the line.

The court will only decree a reformation of a deed where the mistake is mutual.  In other words, it will not alter a deed to conform to the understanding of one of the parties, which is contrary to the understanding of the other.  *Williams* v. *Hamilton,* 65 Am. St. Rep., 310; 20 Am. & Eng. Ency. Law (2d ed.), 812.

A court of equity will not reform a deed in favor of a party who has been negligent, and stood upon an equal footing, and had the same opportunity to ascertain the facts that his adversary had.  *Golden* v. *State,* 63 Miss., 468; *Wilczinski* v. *Louis-*

*ville, etc., R. Co.,* 66 Miss., 610; *Oswald* v. *McGehee,* 28 Miss., 340; 2 Pomeroy Eq. Jur., 839–860; 20 Am. & Eng. Ency. Law (2d ed.), 811; 24 Am. & Eng. Ency. Law (2d ed.), 656; 1 Story on Eq. Jur., 200.

*H. B. Greaves,* for appellee.

The principles of law here involved are plain, unambiguous, and the only grounds for any disagreements is upon the weight of evidence, the question of .facts involved, and character and strength of evidence offered—the burden being on us.

For a case peculiarly like this one I cite the court to *Butler* v. *Barnes,* 12 L. R. A., 273, where the parties, as in this case, actually viewed the premises, and executed a deed which they thought covered the ground actually viewed, pointed out, and agreed upon to be conveyed, but the deed, in reality, covered more land, as was afterwards ascertained. *Johnson* v. *Tober,* 10 N. Y., 319; *Pequer* v. *Mosby,* 7 Smed. & M., 346; *Simmons* v. *North,* 3 Smed. & M., 70; *Cummings* v. *Steel,* 54 Miss., 648; *Morrison* v. *Hardin,* 81 Miss., 538 (s.c., 33 South. Rep., 80).

TRULY, J., delivered the opinion of the court.

We find ourselves unable to agree with the chancellor in his conclusion that the deed from appellee to appellant should be reformed. It appears to our mind conclusive that the real intention of the parties was that appellant should have ninety acres of land. We find no such preponderance of testimony establishing fraud, error or mutual mistake as would authorize the interposition of a court of chancery to order a change in the deed. This is not a case where one party gives as an act of bounty a tract of land to another, but is a transaction in which for a certain stipulated money price certain definitely described land was conveyed. The deed in its terms is free from any ambiguity, doubt or uncertainty; the land conveyed being described with absolute accuracy, so as to exactly convey the specific number of acres.

The appellant contends that the number of acres was the only important matter determined on in advance, and that the description was written so that it would embrace the specific acreage, and not that it might include any particular tract of land. This testimony is, in our judgment, strongly corroborated by the subsequent conduct of the appellee in granting a right of way from one tract to another, in which the description of the two parcels previously conveyed was again recited. So, also, it is corroborated by the repeated statements of the appellee, after the conveyance, that he had conveyed, and that it was his intention to convey, to appellant ninety acres of land. Adhering to the arbitrary, but salutary, rule which requires a party seeking a reformation of a deed, the recitals of which are definite and unambiguous, to establish, not only by the preponderance of the testimony, but practically to the exclusion of every other reasonable hypothesis, that mutual mistake, fraud, or error occurred in the making of the instrument sought to be reformed, we are constrained to hold that the proof in this case fails to measure up to that requirement. The decree is not justified by the facts, and cannot be sustained.

*The decree is reversed, the cause remanded, and the bill ordered dismissed.*