## MOORE *v.* MOORE.*

[105 So. No. 850.   No. 25103.]

(Division B. Oct. 19, 1925.   Suggestion of Error Overruled Nov. 30, 1925.)

1. EVIDENCE. *Parol rule held not violated, in suit to recover bonds delivered to deceased vendor to have interest coupons during his life as part of price of land.*

   Evidence, in suit in nature of replevin against administrator to recover bonds (written order for which on his administrator was given by deceased to plaintiff), that, as part of consideration for deed from deceased, plaintiff delivered the bonds to him to have the coupon interest thereon maturing during his life, the bonds to remain plaintiff's property, subject to such right of deceased, *held* not to violate parol evidence rule.

2. REPLEVIN. *Right to recover bonds unaffected by mere indebtedness.*

   Right of plaintiff to recover bonds which he delivered to defendant's intestate, with right in intestate merely to the interest coupons maturing during his life, is unaffected by the mere fact of plaintiff having become indebted to defendant or a third person through an agreement to pay such person something each year.

3. EXECUTORS AND ADMINISTRATORS. *Succession; claim for possession of property as owner not required to be probated.*

   Claim not being for indebtedness, but for possession of property by virtue of ownership, is not of the character required to be probated against decedent's estate.

*Headnotes 1. Evidence, 22 C. J., Section 1557; 2. Replevin, 34 Cyc., p. 1388; 3. Executors and Administrators, 24 C. J., Section 943.

APPEAL from chancery court of Choctaw county. HON. T. P. GUYTON, Chancellor.

Suit by Dr. J. S. Moore against Dr. C. A. Moore administrator. Decree for plaintiff, and defendant appeals. Affirmed.

See, also, 101 So. 715.

*A. M. Pepper,* and *J. A. Teat,* for appellant.

It is the contention of the complainant that this written order should be reformed so as to make it a part of the deed and state the above-proposed agreement. But it appears that after the parties had made their agreements, and had chosen their written instruments by which they would perpetuate their agreements, duly executed and delivered, and went their way, no mention was made by either the aged blind man or his nephew, Dr. J. S. Moore, of the oral contemporaneous agreement so relied upon for recovery.

We call the attention of the court to the subject of "extrinsic evidence" to affect writings, as laid down in 10 R. C. L. 1016. Likewise see, as directly in point, *Wren* v. *Hoffman,* 41 Miss. 616. Also *Houck* v. *Wright,* 23 So. 422; *Chicago Bldg. & Mfg. Co.* v. *Higginbotham,* 29 So. 79; *Cooper* v. *Robertson,* 77 So. 953; *O'Keefe* v. *McLemore,* 87 So. 655, 125 Miss. 394.

We call the court's especial attention to the fact that the right of this complainant is based upon his agreement to return two levee bonds. This contention is exactly the same thing as to reserve the rent. As the court will see, it is the contention of Dr. J. S. Moore, complainant, that he was to reserve the title to the two bonds, or to reserve the right to the possession of the two bonds at a certain future event, to-wit—at the death of John L. Moore.

The case of *O'Keefe* v. *McLemore* is, therefore, precisely in point. The reservation of rents should have been stipulated in the deed to have availed the grantor

of such benefit. Likewise Dr. J. S. Moore should have stipulated the return of the bonds to have availed himself of the benefit desired. The court cannot now make a contract for him that he did not make for himself. He was conclusively bound by the terms of the written instrument. See, also, *Porter* v. *Peacock*, 91 So 856; *Bettman-Dunlap Company* v. *Gertz Bros.*, 99 So 384.

In support of the decisions of the state of Mississippi, we cite the following cases: *United States—Burke* v. *Dulaney* (1893), 153 U. S. 228, 38 L. Ed. 698, 14 Sup. Ct. Rep. 816; *Alabama—Corbin* v. *Sistrunk* (1851), 19 Ala. 203; *Arkansas—Graham* v. *Remmel* (1905), 76 Ark. 140; *Connecticut—Burns & S. Lumber Co.* v. *Doyle* (1899) 71 Conn. 742; *Indian Territory—Mehlin* v. *Mutual Reserve Fund Life Asso.* (1898), 2 Ind. Terr. 396, 51 S. W. 1063; *Maine—Goddard* v. *Cutts* (1834), 11 Me. 440; *Massachusetts—Watkins* v. *Bowers* (1875), 119 Mass. 383; *Michigan—Central Sav. Bank* v. *O'Conner*, (1903), 132 Mich. 578; *Minnesota—Smith* v. *Mussetter* (1894), 58 Minn. 159, 59 N. W. 995; *New York—Seymour* v. *Cowing* (1864), 4 Abb. App. Dec. 200, 1 Keyes, 532; *North Carolina—Hughes* v. *Crooker* (1908), 148 N. C. 318; *Oklahoma—Gamble* v. *Riley* (1913), 39 Okla. 363, 135 Pac. 390; *Oregon—Le Grande National Bank* v. *Blum* (1894), 26 Or. 49, 37 Pac. 48; *Texas—Holt* v. *Gordon* (1915),— Tex. Civ. App.—176 S. W. 902; *Washington—Ewell* v. *Turney* (1905), 39 Wash. 615.

We, therefore, submit that the complainant did not make out his case, and did not show any right whatever to recover.

II. The evidence shows conclusively that the two bonds in question were given by John L. Moore to Mrs. Sara Parker, and that the title of Mrs. Parker had passed by virtue of the agreement to the heirs of John L. Moore. The action of the complainant, therefore, to recover these identical bonds, cannot succeed. His rights, if any, were to recover a judgment against the

administrator for the value of the bonds. The written instrument pleaded by the defendant, whereby the heirs of John L. Moore, including Dr. J. S. Moore, secured from Mrs. Sara Parker the bonds in question, has forever estopped the complainant from the recovery of these bonds.

Under the record in this case it is manifest that the complainant is forever estopped from reaping the benefit of the agreement by recovering the two bonds in question. 10 R. C. L. 693; 21 C. J. 1206, secs. 207 and 1207, sec. 208; *White* v. *Jenkins,* 33 So. 287 (not officially reported); *Meyer-Bridges Co.* v. *Badeau,* 90 Miss. 27, 43 So. 609.

III. We are aware of the contention that the complainant could make that the demand sued on was not such a debt as existed against the decedent in his life time. But this contention cannot be successfully asserted here because the only possession which the administrator has of the bonds in question arises out of the contract executed by Mrs. Sara Parker and the heirs of John L. Moore. John L. Moore, in his lifetime, had given these bonds to Mrs. Sara Parker, and at that time if the complainant had any claim against the estate, it was such a demand gainst John L. Moore for the value thereof. 24 C. J. 323, sec. 943.

IV. The complainant in this case did not offer to do equity; did not offer to return the money that had been paid to Mrs. Parker for the. bonds; did not offer to reimburse his brothers and sisters who had co-jointly entered into the written contract with Mrs. Parker, by which the bonds were delivered to the administrator.

Manifestly this complainant is not entitled to recover when equity and good conscience would forbid him so to do, at the great loss and detriment of his brothers and sisters, who have in good faith paid out their money to secure the possession of the said bonds, and who are now obligated to pay out their money for and during the natural life of the said Mrs. Sara Parker, and at the

same time the bonds to go to the full use and benefit, right and title, of the complainant, who has not undertaken to share any part of the burden, or relieve the brothers and sisters of future liability under said written contract.

*J. D. Guyton,* for appellee.

The complainant is not here seeking to reform the deed to the seven hundred acres of land; nor is he seeking reformation of the order of J. L. Moore or his administrator for the two bonds in question. The deed is a mere incident; the order for the bonds is an evidence of complainant's title and right to possession. The complainant is here seeking to recover from the appellee administrator certain specific property upon the ground that the complainant has title to this specific property and the right to immediate possession thereof. This suit is merely a replevin suit in chancery, plus an accounting for such coupons as the administrator has cashed and converted into money.

Counsel for appellant devotes much space to a proposition of the law of evidence which we do not at all controvert. It is axiomatic that evidence cannot be received of a previous or contemporaneous parol agreement which has been reduced to a written contract, and which varies or contradicts the terms of the written instrument. The testimony of the witness Hays does not violate this rule in the least. In the first place, complainant does not claim the right to the bonds by virtue of the deed to the land; this deed furnishes him no muniment of title thereto. Nor does he claim said bonds by virtue of the order to his administrator for them; this order to him is a bare muniment of title thereto. The title to the bonds in question was always in J. S. Moore in fee simple; by this real estate deal his fee-simple title was subjected to a life estate then transferred to J. L. Moore at the termination of which the full title and right of

possession reverted to J. S. Moore. The testimony of Hays is to show how, in what manner, and by what right J. L. Moore came into the possession of said bonds, and the extent of his right and title thus acquired in the real estate transaction. The order on the administrator for the bonds is corroborative of the direct positive testimony of Hays showing the title to J. S. Moore to them, and his right to their immediate possession.

In the second place, the testimony of Hays does not vary or contradict the "terms" of the deed. It will be noted that the deed recites a consideration of "two thousand dollars, cash in hand paid, the receipt of which is hereby acknowledged." The testimony of Hays is to the effect that the recited consideration in the deed is and was not the true consideration paid; that the true consideration for the deed, or the land it conveys, was and is a note for two thousand five hundred dollars, and a life estate in the two bonds in litigation. This testimony does not vary or contradict the "terms" of the deed. Jones on Evidence, Civil Cases (3 Ed.), sec. 469, quoting *Goodspeed* v. *Fuller,* 46 Me. 147, 71 Am. Dec. 576, and note; *Fowlkes* v. *Lea,* 84 Miss. 509, 36 So. 1036; 22 C. J., Evidence, sec. 1555.

Numerous authorities are cited in Corpus Juris, including *Campbell.* v. *Davis,* 94 Miss. 164, 47 So. 546; 19 Ann. Cas. 239; *Thompson* v. *Bryant,* 75 Miss. 12, 21 So. 655; *Baum* v. *Lynn,* 72 Miss. 932, 18 So. 428, 30 L. R. A. 441. 22 C. J. Evidence, sec. 1557, gives the rule as to deeds.

The testimony of the witness Hays, showing the consideration of this deed to be different from that expressed in the deed, creates no new right, and extinguishes none; it shows other and consistent consideration; it in no way effects in any manner the covenants of the grantor or the grantee therein; it neither enlarges nor limits the grant in the deed; it merely shows just exactly what caused appellee to purchase the land, what induced him to buy the land; it does not vary or

contradict the deed, but consists with it.   Upon both authority and reason it is plain that the trial court was not in error in overruling the objection of appellant to the testimony of this witness.

Under the facts disclosed by this record, the appellee is not estopped to claim these bonds by virtue of this agreement with Mrs. Parker.   The law quoted by counsel is not applicable to this case.   To create an estoppel it is necessary that the person estopped should have knowledge of the facts.   21 C. J. Estoppel, sec. 126; *Thomas* v. *Romano,* 82 Miss. 256, 33 So. 969.

It being the legal duty of the administrator to reduce to his possession all personal property belonging to his decedent and to make an inventory of said estate, it would logically seem that the appellant was in a better position than appellee was to ascertain just what bonds Mrs. Parker had in her possession.   And when appellee called on the appellant as such administrator to inform him what bonds Mrs. Parker held, and especially whether they were the particular bonds involved in this suit, it would seem upon every principle of equitable estoppel that the appellant was bound to give appellee this information, and that upon his failure to do so he would be estopped from claiming that these bonds were in fact the bonds appellee claimed.   See *Evans* v. *Miller,* 58 Miss. 120; *I. C. R. R. Co.* v. *LeBlanc,* 74 Miss. 626, 21 So. 748; *Houston* v. *Witherspoon,* 68 Miss. 190, 8 So. 515; *Davis* v. *Kriger,* 69 Miss. 39, 11 So. 458; *Yazoo Lbr. Co.* v. *Clark,* 95 Miss. 244, 48 So. 516; *Watson* v. *Vinson,* 108 Miss. 600, 67 So 61; 21 C. J. Estoppel, secs. 110 to 114, inclusive.   This case is analogous to that of *Pyle* v. *East,* 173 Iowa 165, 3 A. L. R. 885.

Applying the principles of the above case to the case at bar we find that the two bonds involved here were originally the property of appellee; that he delivered these bonds to the appellant's decedent at the time the land deed was executed by decedent to appellee; that the said decedent at that time executed and delivered to ap-

141  Miss.—51.

pellee the signed, acknowledged, and witnessed order on his administrator to deliver these same two bonds to appellee; that the said bonds were in possession of decedent at the time of his death; and that the decedent at the time of this transaction stated in the presence of the witness Hays, who signed this "order" as a witness thereto, that he, J. L. Moore, would clip the coupons on these bonds as long as he lived, would get the interest on them for his lifetime, and at his death the said bonds would go back to appellee. Passing by any presumption that might and should be raised by virtue of the written, acknowledged and witnessed "order" for the bonds, it is not positively shown by uncontradicted evidence that it was one of the *terms and conditions of the sale* that J. L. Moore was to get two thousand five hundred dollars in money, and the interest on these two bonds as long as he lived, for the land conveyed to appellee?

Fraud is never presumed; nor can fraud be proved by mere "contention." The record fails to show that appellant made any attempt to prove any sort of fraud in this transaction.

Argued orally by *J. A. Teat,* for appellant, and *J. D. Guyton,* for appellee.

HOLDEN, P. J., delivered the opinion of the court.

This was a suit in chancery by the appellee, Dr. J. S. Moore, to recover the possession of two Yazoo-Mississippi Levee bonds, Nos. 207 and 211, of the par value of one thousand dollars each, from Dr. C. A. Moore, administrator of the estate of J. L. Moore, deceased. After a full hearing of the case upon its merits, the chancellor decreed that the appellee, Dr. J. S. Moore, was entitled to the possession of the bonds, and ordered the administrator, Dr. C. A. Moore, appellant, to turn the bonds over to Dr. J. S. Moore, and from this decree the appeal is taken.

The case presented by the amended bill and proof is simply this: During the lifetime of Mr. J. L. Moore, he sold to the appellee, Dr. J. S. Moore, about seven hundred acres of land, for which he was paid the sum of two thousand five hundred dollars, and also, as a part of the consideration for the land, the appellee, Dr. J. S. Moore, delivered to the decedent, J. L. Moore, the two Yazoo-Mississippi Levee bonds here in question, to be held during the life of J. L. Moore, who was to receive the coupon interest upon the bonds while he was living, and the bonds were to remain the property of Dr. J. S. Moore and to be returned to him at the death of the deceased, J. L. Moore.

This agreement and understanding between the parties with reference to the consideration for the deed to the land and in regard to the bonds remaining the property of Dr. J. S. Moore subject to the right of the use of the coupons by J. L. Moore during his life was proved by competent evidence and found to be a fact by the chancellor.

It also appears that at the time the deed to the land was executed and the bonds were delivered to the deceased, J. L. Moore, he (J. L. Moore), in accord with and pursuant to the agreement between the parties as to the consideration for the purchase of the land as related above, executed and delivered to the appellee, Dr. J. S. Moore, a written order in the following form:

"McCool, Miss., Dec. 13, 1916.

"To My Administrator: Deliver to Dr. J. S. Moore, Yazoo & Miss. Delta Levee Bonds, Nos. 207 and 211.

his<br>J. L.     X     MOORE.<br>mark

"Sworn to and subscribed before me this 13th day of December, 1916.

"SID RAINWATER, NOTARY."

When demand was made upon the administrator for the delivery of the two bonds mentioned in the order

signed by the deceased, J. L. Moore, the administrator, Dr. C. A. Moore, refused to deliver the possession of the bonds to the appellee, Dr. J. S. Moore, whereupon this suit was filed, in the nature of a replevin in chancery, to recover the possession of the bonds.

The appellant urges reversal upon several different grounds, all of which we have carefully considered, but we do not see sufficient merit in any of the contentions to warrant discussion, except one or two, which we will take up as follows: The appellant contends that the suit is in the nature of a bill to reform the deed or contradict its terms, or that it is a suit to vary or contradict the terms of the writen order by oral testimony showing a different agreement made contemporaneously with the deed and the written order for the bonds.

We do not think the position is well taken, for the reason that it is not a suit to reform the deed, nor is it an effort to contradict the terms of the written order, or the terms of any other writing in the case. But the oral testimony, which was competent and overwhelming, did not contradict the written order for the bonds, but it went to show that the bonds were at all times the property of the appellee, Dr. J. S. Moore, and that under the agreement with the deceased the bonds were to be returned to appellee at the death of J. L. Moore, and this testimony did not contradict the deed or written order, but was in harmony with them; and the written order corroborated the oral testimony, or we may say the oral testimony showed the true consideration of the deed and explained and corroborated the written order. So it will be seen that the position of appellant in this regard is untenable and cannot be maintained.

The purchase of the land by deed from the deceased to the appellee is only incidental to the question involved in this lawsuit; that is, whether the appellee is entitled to the possession of the two bonds against the administrator of the deceased. We may say also that the written

order for the bonds given by the deceased to the appellee is only a corroborative feature in the case which bears upon the question of whether the appellee owned the bonds and was entitled to the possession of them at the death of J. L. Moore. There could have been a recovery in this case, as was allowed by the chancellor, even if the written order had never been introduced in the case, because the oral testimony abundantly supported the allegations of the bill setting up the right of possession of the two bonds by virtue of ownership in the appellee, J. S. Moore.

The appellant further contends the lower court erred in ordering the administrator to deliver the bonds to the appellee, because the appellee had agreed that he would pay a part of one hundred and eighty dollars per annum to a Mrs. Parker, formerly the housekeeper of the deceased. The testimony for the appellee was that this promise to pay a portion of the one hundred and eighty dollars a year to Mrs Parker was a conditional agreement and was made with the understanding that, if Mrs. Parker held the two bonds, then appellee's name was to be withdrawn from the agreement, and it appears, and was so held by the chancellor, that, under the conditions upon which appellee agreed to pay his portion of the one hundred and eighty dollars per annum to Mrs. Parker, he was released, and there was no estoppel under the facts, from this agreement. At all events we are unable to see how the appellee can be estopped from claiming the possession of the two bonds, even though he may have become indebted to Mrs. Parker or to appellant by agreeing to pay Mrs. Parker something each year. This fact alone would not bar the appellee from obtaining possession of the two bonds in question.

Another point presented is that the claim was not probated against the estate of the deceased. This is not that character of claim that is required to be probated against the estate of the deceased. The suit here was for

possession of bonds, property, owned by the appellee, and the claim was not for an indebtedness, but was for the possession of the property by virtue of ownership.

In view of these conclusions, the decree of the lower court is affirmed.

*Affirmed.*