PROGRESSIVE BANK OF SUMMIT v. McGEHEE et al.*

(Division B.   April 19, 1926.)

[107 So. 876.   No. 25652.]

REFORMATION OF INSTRUMENTS. *Proof of mistake must practically exclude every other reasonable hypothesis.*

For reformation of deed of trust as omitting by mistake land intended by the parties to be included, the mistake must be proved practically to the exclusion of every other reasonable hypothesis.

---

*Corpus Juris-Cyc. References: Reformation of Instruments, 34 Cyc., p. 984, n. 34.

APPEAL form chancery court of Franklin county.

HON. R. W. CUTRER, Chancellor.

Suit by the Progressive Bank of Summit against Perry C. McGehee and others. From an adverse decree, complainant appeals. Affirmed.

*W. A. Parsons*, for appellant.

There was a mistake made in the preparation of the deed of trust which caused it not to accord with the understanding of the parties. In the first place Perry McGehee and his wife were already indebted to the bank in the sum of over seven hundred dollars secured by a deed of trust on their homestead in Franklin county, Mississippi, consisting of one hundred sixty acres of land, forty acres of which is sixteenth section or school land. Mr. McGehee went to Mr. Enos, the president of the bank to arrange with him to lend him the money to purchase the one hundred sixty acre tract of land in Lincoln county, Mississippi. Now this was merely a business proposition with Mr. Enos and Mr. McGehee. Mr. McGehee is a poor man and the only property he had before he purchased this place in Lincoln county was the one hundred sixty acres on which he lived in Franklin county, which tract was then encumbered for the seven hundred dollars he borrowed to buy out his father's other heirs to the place. His own brother, E. R. McGehee, testified that he owed him for meat and supplies which he had been letting him have for a number of years and for which he had been unable to collect, and that he entered into his deal with him as to the one hundred forty acres of the Lincoln county tract left out of the deed of trust to the bank in order to get the money his brother owed him.

Mr. Enos required Mr. McGehee to obtain an abstract of the title of the one hundred sixty acres of land in Lincoln county and he went into the bank and in the presence of Mr. McGehee instructed the cashier, Mr. Cain, to renew the old indebtedness and to make an additional loan of nine hundred fifty dollars to purchase the one hundred sixty acres of land in Lincoln and to take a deed of trust covering both tracts of land. This is the testimony of Mr. E. M. Cain, the cashier. If the bank was not to take a security on the tract in Lincoln county, what interest had they in demanding to know that the title was good?

I submit to the court that the decree of the chancellor cannot be upheld on the issue of fact as to the mistake in the deed of trust.

*L. A. Whittington* and *H. V. Wall,* for appellee.

It is elementary that before an instrument may be reformed, the intention of the parties must be established, not by inference, but by assumption; not by viewing what was done in the light of facts developed afterward, but must be established by what the parties themselves actually agreed upon.

Mr. Cain, the only witness for appellants says most positively that he made no agreement with Mr. McGehee at all about the matter, that all arrangements were made with Mr. Enos and he does not know just what the arrangements were that Mr. Enos and Mr. McGehee had; on the contrary, Mr. McGehee states positively what the agreement was, and that it was only twenty acres that was to be embodied in the deed of trust.

We submit to the court that appellant was not entitled to have the deed in trust reformed so as to include the one hundred sixty acres in Lincoln county, but that they can take only what the deed in trust specifically and plainly calls for; that is, security on the twenty acres in Lincoln county.

There was not the slightest evidence in the case to show that the bank agreed with the wife at all in respect to the matter; while it does appear that the wife signed the instrument solely upon the understanding that only twenty acres were to be embodied in the deed in trust.

The decree of the chancellor below was wholly correct and should not be disturbed.

Argued orally by *W. A. Parsons,* for appellant, and *H. V. Wall,* for appellee.

Anderson, J., delivered the opinion of the court.

Appellant filed its bill in the chancery court of Franklin county against appellees to reform a deed of trust executed by appellees Perry C. McGehee and wife to appellant, and to cancel two conveyances of one hundred forty acres of land; one made by appellees Perry C. Mc- Gehee and wife to appellee E. R. McGehee, and the other made by the latter to Curtis Lard, ancestor of the other appellees. There was a trial on bill, answer, and proofs, resulting in a final decree dismissing appellant's bill. From that judgment appellant prosecutes this appeal.

Appellee Perry C. McGehee owned the land on which he lived in Franklin county, consisting of one hundred sixty acres. He bought one hundred sixty acres in Lincoln county. Appellant held a mortgage on his Franklin county land to secure an indebtedness of about seven hundred dollars. The purchase price of the Lincoln county land was nine hundred fifty dollars. Appellant furnished him the money to pay for the Lincoln county land, taking his and his wife's note therefor, in which was included the indebtedness already owing appellant by them, to secure which they gave a deed on the home place in Franklin county, but on only twenty acres of the Lincoln county land. Therefore there was left out of the deed of trust one hundred forty acres of the Lincoln county land. Appellant charged in its bill that this one hundred forty acres of land was intended by the parties to be included in the deed of trust; that that was the agreement before and at the time of the execution of the deed of trust; that through oversight of the draftsmen of the deed of trust the one hundred forty acres of land was left out of it. Appellees Perry C. McGehee and wife answered appellant's bill, denying its material allegations.

After the execution of the deed of trust to appellant, Perry C. McGehee and wife conveyed the one hundred forty acres of the Lincoln county land left out of the deed of trust to appellee E. R. McGehee. The latter, in

turn, conveyed it to Curtis Lard, ancestor of the other appellees, who died after the conveyance and before the bringing of this suit.

In addition to seeking reformation of the deed of trust so as to make it include the entire Lincoln county tract of land of one hundred sixty acres, the bill charged that the subsequent purchasers, appellee E. R. McGehee and Curtis Lard, deceased, were purchasers in bad faith, and without consideration; that they knew, or by reasonable diligence could have known, that appellees Perry C. McGehee and wife intended to convey the one hundred forty acres of land in the deed of trust theretofore executed by them to appellant. Appellee E. R. McGehee and the heirs of Curtis Lard, deceased, answered the bill, denying its material allegations so far as its charges concerned their rights.

If appellant has not made a case for reformation of the deed of trust involved, we do not reach the decision of the other questions in the case; namely, the *bona fides* of the conveyances to the appellee E. R. McGehee and Curtis Lard, deceased.

The evidence to support the decree of the chancellor is not strong. On the contrary, the evidence to support the position of the appellant is very strong. We do not think it would answer any useful purpose to go into the evidence *pro* and *con* in detail. It is sufficient to say that there was conflict. In *Harrington* v. *Harrington* 2 How. 701, 718, Judge SHARKEY said for the court:

"The proof should be clear beyond a doubt, because, . . . it is better that a doubtful written instrument should stand, than that a doubtful provision should be substituted by parol testimony. . . . We cannot, on the mere ground of probability, reform written instruments for mistakes."

In *Lauderdale* v. *Hallock,* 7 Smedes & M. 629, the court said that parol evidence to explain or vary the terms of a writing must be received with "great caution and distrust." In *Jones* v. *Jones* 41 So. 373, 88 Miss. 784, the court said that evidence to warrant the reformation of a

written instrument must sustain the allegation of mutual mistake "practically to the exclusion of every other reasonable hypothesis." *St. P. F. & M. Ins. Co.* v. *McQuaid*, 75 So. 255, 114 Miss. 430, is to the same effect. The holding of our court in this respect is in accord with a great weight of authority in other jurisdictions.

Applying these principles to the case in hand, we feel impelled to affirm the decree of the chancellor.

*Affirmed.*