ELLIOTT *et al. v.* DAVES.

(Division B. Nov. 23, 1936.)

[170 So. 680. No. 32412.]

**S. E. Turner,** of Carrollton, for appellants.

848

T. O. Yewell, of Carrollton, for appellants.

R. C. McBee, F. M. Witty and A. H. Bell, all of Greenwood, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellee, Willie Shute Daves, nee Willie Shute, filed a bill to reform a deed, dated July 28, 1933, made to her by J. M. Shute, reading as follows:

"For and in consideration of the love and affection which I have for and bear towards her, I hereby sell, convey and warrant unto Mrs. Willie Shute Daves, the following described property lying and being situate in Carroll County, Mississippi, to-wit; The Northeast quarter of Section Eleven, Township Seventeen, Range 2, Carroll County, Mississippi. To have and to hold unto her, her heirs and assigns forever. Witness my signature this the 28th day of July, 1933. J. M. Shute."

It was alleged in the bill that J. M. Shute and his wife had taken Willie Shute Daves when she was six years old, she being his niece, and had reared and supported her until she was fifteen years old; that they had no children of their own, and regarded appellee with great affection and devotion, and that it was the intention of J. M. Shute to convey to her the one hundred and sixty acres upon which the home was situated, which was the northeast part of the west half of the northeast quarter, and the northwest quarter of northwest quarter, and the east half of west half of section twelve, township seventeen, range two east, Carroll county, Miss.; that J. M. Shute had acquired this land through a will made by his father, and that it was the intention of all parties when said deed was made to Willie Shute Daves

to convey the one hundred and sixty acres of land of the northeast corner of the home place. It was also alleged in the bill that, prior to the execution of said deed, in 1932, appellee's husband, R. W. Daves, paid the taxes as J. M. Shute was unable to do so by reason of his financial condition, and the same condition existing in 1933 and 1934, that R. W. Daves again paid said taxes, as well as certain indebtedness owing by J. M. Shute to the People's Bank & Trust Company, of Carrollton, the amount of taxes for these years and said payment to said bank being set forth in the bill. It was also alleged in the bill that it was understood that said payment of taxes by Daves constituted a debt, although neither Daves nor his wife, the appellee, intended to press said debt upon J. M. Shute. The bill, as originally filed, was demurred to, the demurrer was sustained, and an amended bill, by leave of the court, was filed in which it was alleged that the real and true consideration of the deed from J. M. Shute to appellee was the payment by R. W. Daves of the taxes, etc., above referred to, and the payment of burial insurance on the life of J. M. Shute, the proceeds of which paid his funeral expenses, his wife having predeceased him, and that said J. M. Shute, in his lifetime, had expressed an intention of conveying the land to appellee because of such facts, and also because of his love and affection for her. The amended bill was also demurred to; the demurrer was overruled, and an appeal granted to settle the principles of the case.

It seems that the question presented for consideration is whether a deed, the recitals of which are love and affection, can be reformed by showing the real consideration not to be love and affection solely, but also for the matters set forth constituting a valuable consideration.

It has been held in this state that a party taking a voluntary deed based upon love and affection, having no

valuable consideration, cannot have said deed reformed, and that the grantee must take the deed as it exists. Herod v. Robinson, 149 Miss. 354, 115 So. 40. It has also been held in this state that there may be exceptions to this rule where a family settlement is involved, and that a reformation may be granted by the chancery court to carry out the purposes of the settlement. Spencer v. Spencer, 115 Miss. 71, 75 So. 770; Miles v. Miles, 84 Miss. 624, 37 So. 112.

If there was, in fact, a valid monetary consideration for the deed involved, it would be competent to show that fact by credible witnesses to the extent required by law to reform an instrument, and the true consideration for a conveyance may be shown by parol. Raleigh State Bank v. Williams, 150 Miss. 766, 117 So. 365, Blum v. Planters' Bank & Trust Company, 161 Miss. 226, 135 So. 353, and Moore v. Moore, 141 Miss. 795, 105 So. 850.

There are other cases showing when recitals of consideration may be shown by parol, and when they may not be so shown. See Mississippi Digest Annotated, Title, Evidence, section 419, and Mississippi and Southern Digest, Title, Evidence, section 419.

For the degree of proof required to authorize the reformation of a deed, see Progressive Bank of Summitt v. McGehee et al., 142 Miss. 655, 107 So. 876; Wilczinski v. L. &. N. R. R. Co., 66 Miss. 595, 6 So. 709; Wise v. Brooks, 69 Miss. 891, 13 So. 836; Hall v. State, to Use of Lafayette County, 69 Miss. 529, 13 So. 38; Jones v. Jones, 88 Miss. 784, 41 So. 373.

The judgment of the court below will, therefore, be affirmed and the cause remanded for further proceedings.

Affirmed and remanded.