210 So.2d 672 (1968)
Walterine H. STONE
v.
Glen K. STONE.
No. 44771.
Supreme Court of Mississippi.
May 13, 1968.
*673 Willard L. McIlwain, Greenville, for appellant.
Appellee not represented by counsel in this Court.
INZER, Justice.
Appellant Walterine H. Stone filed suit in the Chancery Court of Washington County against her husband Glen K. Stone, seeking a divorce on the ground of habitual cruel and inhuman treatment. She also sought alimony for herself and custody and support for the two children born during the course of marriage. Appellee answered the bill of complaint and denied that she was entitled to any relief and by a cross bill sought to obtain a divorce from her on the ground of habitual cruel and inhuman treatment. He also asked for custody of the older child, a boy, seven years of age, and denied being the father of the younger child, a girl, and asked the court to so decree.
The court, after a hearing on the merits, found that the appellant was entitled to a divorce and granted appellee the custody of the boy. The court held that the girl was not the child of appellee and therefore he was not obligated to support the child. Mrs. Stone appeals from that part of the decree which awarded the custody of the boy to the father and that part of the decree which denied her alimony and support for the girl.
We do not deem it necessary to set out the evidence in this case as to the divorce issue, since appellee has not cross-appealed from that part of the decree. Neither has he filed a brief in this Court in answer to appellant's assignment of error and brief. His failure to file a brief is tantamount to a confession of error, but in view of the fact that this is a domestic relations case, we have carefully reviewed the record in order that the interest of the public, the parties and the children involved can be protected.
These parties were married on June 10, 1958. Appellant was eighteen years of age and appellee was twenty-six years of age at that time. Appellee was a welder following pipeline work and they lived in several states during their marriage. On February *674 1, 1960, a son, Glen Christopher Stone, was born to their marriage. In December, 1961, while residing in the State of Kansas, they separated. Appellant filed a suit in the District Court of Sedwick County, Kansas, against appellee for a divorce, custody and support for her child. She obtained a temporary decree for the custody and support of the child. Thereafter by agreement of the parties she brought the child to Mississippi and left him temporarily with her mother in Winston County. Appellee left his work in Kansas and returned to Mississippi. He got possession or custody of the child by taking him on a visit. He did not return the child as promised and appellant filed a petition for a writ of habeas corpus in the Chancery Court of Washington County seeking the custody of the child. The court after a hearing denied the petition and left the child in the custody of the appellee. Appellant did not pursue her action for a divorce in the Kansas court.
In February, 1963, appellee filed suit for a divorce in the Chancery Court of Washington County. Appellant contends that she never received any notice of this suit and she did not know that a decree for a divorce and custody of the child had been granted as a result of this suit until their separation which resulted in the present suit.
The parties remained separated until September, 1964, when appellant returned to Mississippi and they began to live together as man and wife. On May 10, 1965, the little girl, Lisa Kelly Stone, was born. When this child was born appellee paid the hospital bills for her delivery, passed out cigars, taught the child to call him "Daddy" and claimed the child as his on his income tax return. In fact, he never contended that this child was not his until after the parties separated in August, 1966. Appellant testified that after they separated she discovered for the first time that appellee had obtained a divorce from her in 1963. She filed a petition to vacate this decree as being null and void because of insufficient process. The Chancery Court of Washington County found that the process was void and vacated the decree. There was no appeal from this order and it is now final. Therefore, the situation is that the parties were man and wife from the time that they were married in 1958 until the decree was entered granting a divorce in this case.
The important question in this case is whether the trial court erred in declaring the child, Lisa Kelly Stone, was not the child of appellee and thereby declaring her illegitimate and thereby refusing to require appellee to support this child. The child was born in wedlock and as a matter of public policy the law presumes her to be legitimate. This presumption is said to be the strongest presumption known to law and it continues until it is shown that the husband is incapable of procreation or that he had no access to his wife at a time when the child could have been begotten. Moore v. Smith, 178 Miss. 383, 172 So. 317 (1937); Herring v. Goodson, 43 Miss. 392 (1870). We hold that the presumption that a child conceived and born during wedlock is legitimate is so strong that a husband who charges that a child born to his wife was begotten by another has the burden of proving beyond a reasonable doubt that he is not the father. Ordinarily, the "reasonable doubt" measure of proof is restricted to criminal cases, but we have heretofore made an exception to this rule in cases involving the reformation of written instruments. We have held in a number of cases that proof beyond a reasonable doubt is required in order to sustain the reformation of a written instrument. Continental Oil Co. v. Walker, 238 Miss. 21, 117 So.2d 333 (1960); American Alliance Ins. Co. v. Alford, 229 Miss. 855, 92 So.2d 191 (1957); Progressive Bank of Summit v. McGehee, 142 Miss. 655, 107 So. 876 (1926). Certainly public policy demands that a child born in wedlock should not be branded as illegitimate except in those cases where the proof is so strong *675 that there is no reasonable doubt that the husband is not the father. Nothing less will suffice.
Appellee admits that he had intercourse with his wife in September, 1964. The exact date is not certain. His wife denies that she had intercourse with anyone else and testified that the child was conceived as a result of intercourse with her husband. The chancellor based his conclusion that this little girl was illegitimate on the basis of the testimony of the doctor who delivered the child. We have carefully reviewed the testimony of the doctor and we do not believe it sufficient to establish beyond a reasonable doubt that this child was not begotten by appellee. The doctor testified that the child was a term baby and that the child was not born prematurely. When asked that if Mrs. Stone had had intercourse with her husband on September 14 or 15, 1964, was it probable that the child in question was a result of that intercourse, the doctor said:
That is maybe a matter of terminology, but there is a difference between possibilities and probabilities. I would have said that it is possible, but in probabilities, we are dealing with a matter of terminology on words here. Where it would be possible, probabilities  it would be hard to say that it would be probable, but it would be easy to say that it is possible.
However, when the doctor's testimony as a whole is examined we get the impression that medical science cannot take the date of birth and pinpoint with any degree of certainty the date of the act of intercourse whereby the child was conceived. After carefully considering the doctor's testimony we do not believe it is sufficient to establish beyond a reasonable doubt that appellant is not the father of the child in question. We are supported somewhat in this conclusion by the actions of the appellee after the child was born. He admits that he was pleased and that he did everything a man would normally do when there is an addition to his family. Not until this controversy arose did he deny that this little girl was his child. It appears that the chancellor failed to recognize that the burden of proof was on the appellee to prove beyond a reasonable doubt that this little girl was not his child. Therefore it was error to declare her illegitimate and that part of the decree must be reversed.
Insofar as the other features of the decree are concerned, we cannot say that the chancellor was manifestly wrong. The facts in this case are such that it was not mandatory that the court award appellant alimony although she was awarded the divorce. Especially is this true since the appellee was awarded the custody of the boy and must support this child and the proof shows that appellant is able to work and support herself.
The decree of the chancery court will be affirmed except as to that part of the decree which declared the child Lisa Kelly Stone not to be the child of Glen K. Stone. That part of the decree will be reversed and the decree will be modified to show that Lisa Kelly Stone was born in wedlock and is the child of the parties. In view of her age and the circumstances of this case, her custody is granted to appellant. The case will be remanded to the Chancery Court of Washington County in order that the court may determine the question relative to the support of this child. Upon remand the court may also reconsider the question of visitation rights of the respective parents in light of the situation that now exists.
Affirmed in part, reversed in part, and remanded.
ETHRIDGE, C.J., and JONES, BRADY and ROBERTSON, JJ., concur.