396 So.2d 1024 (1981)
Lincoln COLEMAN et al.
v.
Patsy Stevens HUDSON et al.
No. 52617.
Supreme Court of Mississippi.
April 1, 1981.
Rehearing Denied April 29, 1981.[*]
R.W. Boydstun, Jr., Louisville, for appellants.
J. Hoy Hathorn, Hathorn & Hathorn, Louisville, for appellees.
Before PATTERSON, SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
Lincoln Coleman, et al., appeal from a final decree of the Chancery Court of Winston County declaring Margaret Coleman Hyde the sole and only heir at law of Richard Coleman.
The appellants are the brothers and sisters, and descendants of brothers and sisters, of Richard Coleman. They filed a suit for partition of 78 acres of land situated in Winston County, claiming a 1/6 interest in said lands as the heirs at law of Richard Coleman.
The defendants named in the suit are the owners of the remaining 5/6 interest in the land. In their answer these defendants denied that the appellants were the heirs at law of Richard Coleman and alleged that Richard Coleman left as his sole and only surviving heir at law one illegitimate *1025 daughter, Margaret Coleman Hyde, of East St. Louis, Illinois. They joined Margaret Hyde in their cross-bill, in which they prayed that the chancellor declare Margaret Hyde the sole heir at law of Richard Coleman.
It was stipulated that Richard Coleman died intestate seized of a 1/6 interest in the 78 acres and that the property should be partitioned in kind. It was also stipulated that the only issue before the court was to determine the identity of the legal heir or heirs of Richard Coleman.
At the hearing on the issue the appellants attempted to show that Margaret Hyde was not the illegitimate daughter of Richard Coleman but was the legitimate issue of the marriage of James Coleman (no relation to Richard) and Ethel May Clay Coleman. As proof they introduced into evidence a certified copy of a marriage license reciting that James Coleman and Ethel Clay were married on October 8, 1932, in Winston County. Further, it was shown that James and Ethel were never divorced and that they had one child before Margaret was born and four children after Margaret was born. The appellants also introduced a certified copy of Margaret's birth certificate which shows she was born on October 2, 1935, to James and Ethel Coleman. Lincoln Coleman (Richard's brother), Calvin Coleman (James' brother) and Clint Clay (Ethel Coleman's brother) testified that they knew that James and Ethel Coleman were living together as husband and wife at the time Margaret was born, and that Richard Coleman never lived with Ethel Coleman.
On the other hand, there was considerable testimony offered to prove that Richard Coleman was the father of Margaret and that he freely admitted that fact during his lifetime. Ethel Coleman testified that she married James Coleman in 1932, but that he left her only eight months after their marriage. Thereafter, she lived with Richard Coleman for approximately three years, until after Margaret was born, before she allowed James Coleman to resume the marriage relationship. She testified that Richard Coleman begat Margaret, and that she and James Coleman had no sexual relations, or any opportunity for such, until after the birth of Margaret. She testified that the brothers and sisters of Richard Coleman (appellants) forced her to tell Margaret that Richard Coleman was her father when Margaret was 8 or 9 years old and that from that point on Margaret knew and recognized Richard Coleman as her father.
Margaret corroborated this testimony with her own. She also stated that Richard Coleman recognized her as his daughter and contributed to her support even after he married Laura Harris in 1944.
Laura Harris' relatives (the defendants) testified that Margaret bore a close resemblance to Richard Coleman. They also testified that the appellants introduced Margaret to them at Richard Coleman's funeral as being Richard's daughter. They also introduced into evidence a funeral home obituary which lists Margaret as the surviving child of Richard Coleman, with testimony that this information had been furnished to the funeral home by the appellants.
One other fact tending to prove the relationship was supplied by Charlie Reeves, an employee of the hospital where Coleman died. Reeves testified that Richard Coleman requested him to call his daughter, Margaret Hyde, in St. Louis and tell her of his impending death and ask her to come to see him. Reeves called Margaret and she arrived the next morning. Reeves stated that Richard Coleman introduced Margaret to him as his daughter and Margaret confirmed Reeves' testimony in that regard.
At the conclusion of the hearing the chancellor held that Margaret Hyde had proved she was the child of Richard Coleman and his sole and only surviving heir at law. He then held that she was entitled to inherit the 1/6 interest of Richard Coleman in the 78 acres. The brothers and sisters, and the descendants of the brothers and sisters, of Richard Coleman have appealed. We reverse.
Margaret Hyde's birth certificate indicates that she was born in Winston County to Ethel Clay Coleman on October 2, *1026 1935, while Ethel Clay was married to James Coleman. The presumption that a child born in wedlock is a legitimate child is one of the strongest presumptions known to law and may be rebutted only by proof beyond a reasonable doubt that the husband is not the father. Dixon v. Curtis, 340 So.2d 722 (Miss. 1977); Stone v. Stone, 210 So.2d 672 (Miss. 1968).
In Stone this Court stated that "public policy demands that a child born in wedlock should not be branded as illegitimate except in those cases where the proof is so strong that there is no reasonable doubt that the husband is not the father. Nothing less will suffice." (210 So.2d at 674). In that case the husband charged that the child born to his wife was not his child. This case is somewhat different in that the child was charged that her mother's husband was not her father. Notwithstanding this distinction, the public policy reasons for requiring proof beyond a reasonable doubt are just as clear under these circumstances. There is a substantial state interest in providing for the stability of land titles and in the prompt and definitive determination of the valid ownership of property left by intestate decedents. See Weber v. Aetna Casualty & Surety Company, 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972).
James Coleman died in 1976 and Richard Coleman died in 1977; their mouths are sealed. Margaret Hyde is no longer a child in need of support, but is an adult in her own right. Even though she contends James Coleman was not her father, the proof is uncontradicted that James raised her along with her four younger brothers and sisters for several years after her birth.
It was first incumbent on Margaret to prove beyond a reasonable doubt that James Coleman was not her father in order to overcome the presumption of legitimacy before reaching the question of whether she was the daughter of Richard.[1] We hold that she has failed to meet this burden.
The testimony of Margaret's mother, Ethel Clay Coleman, that Richard Coleman was Margaret's father and that James Coleman (her husband) had no sexual relations with her for three years prior to Margaret's birth, is not strong enough, standing alone, to rebut this presumption. It would require other strong corroborating evidence. The only corroborating evidence offered to support the mother's testimony is the hearsay evidence that Richard Coleman referred to Margaret Hyde as his daughter. There was other hearsay evidence admitted in an attempt to prove the appellants had introduced Margaret Hyde to others as Richard Coleman's daughter. However, all of this proof taken together does not rise to that level of proof beyond a reasonable doubt that James Coleman was not the father of his wife's daughter, Margaret. After almost forty-five years[2], the frail memorials of human memory will rarely be accepted to rebut the presumption of legitimacy arising from documented records of marriage and birth certificates.
For the foregoing reasons, we are of the opinion that the learned chancellor was manifestly wrong in finding that Margaret Coleman Hyde was the sole and only heir at law of Richard Coleman. Since the matter of partitioning of the property is still outstanding, we reverse and remand the case to the lower court for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
NOTES
[*] Bowling and Hawkins, JJ., took no part on rehearing.
[1] Because we dispose of this case on this ground, it is not necessary to decide the constitutionality of section 91-1-15 (1972), the unconstitutionality of which was evidently assumed by the court below.
[2] Although the point is not raised, there is a possibility that a statute of limitations, if properly pled, would be applicable.