465 So.2d 340 (1985)
John Willie ALEXANDER
v.
Dennis Lee ALEXANDER, Heir at Law of Robert Charles Alexander, Deceased.
No. 55358.
Supreme Court of Mississippi.
March 6, 1985.
*341 John E. Jackson, McComb, for appellant.
Norman B. Gillis, Jr., Gillis & Gillis, McComb, for appellee.
Before PATTERSON, C.J., and SULLIVAN and ANDERSON, JJ.
PATTERSON, Chief Justice, for the Court:
This is an appeal from the Chancery Court of Pike County, which held neither party claiming to be the father of Robert Charles Alexander was entitled to the proceeds of a proposed settlement for the wrongful death of Alexander.
Although there are other issues in the case, the dispositive one is controlled by Stone v. Stone, 210 So.2d 672 (Miss. 1968). That case held the presumption that a child born in wedlock is legitimate may be rebutted by proof that the husband "had no access to his wife at a time when the child could have been begotten." 210 So.2d at 674.
We are of the opinion the credible evidence overwhelmingly supports the court's finding that "During the time of conception John Willie Alexander had no access to the mother and could not be the father [of the decedent]," and that the presumption of John Willie Alexander's fatherhood was thereby rebutted.
The court also found the other claimant, Willie Rhodes, was the natural father of the decedent. However, the court additionally found Rhodes had not supported his illegitimate child and was therefore not a lawful heir of Robert Charles Alexander. Mississippi Code Annotated, Section 91-1-15 (1972). In our opinion the court's findings regarding Rhodes were also based on overwhelming credible evidence. This is stated for the purpose of clarity, since Rhodes has withdrawn his appeal.
For these reasons the judgment is affirmed.
AFFIRMED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.