SEYMOUR *v.* LAMB *et al.*

(Division B.  Jan. 30, 1939.  Suggestion of Error Overruled Feb. 27, 1939.)

[185 So. 824.  No. 33535.]

**Cooper & Thomas,** of Indianola, for appellant.

**Knox Lamb,** of Greenwood, for appellees.

Argued orally by **Forrest B. Cooper**, for appellant, and by **Knox Lamb**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant, Seymour, filed his bill in the chancery court of Quitman County against appellees, Mrs. Virginia O. Lamb, and her sister, Miss Verta Owens, to confirm and quiet his claim of title to 7.25 acres of land in Lot 5, Section 6, Township 27, Range 1, east, in that county, and to recover rent therefor. Appellees answered the bill denying the ownership of the land by appellant, and claiming ownership in themselves, making their answer a cross-bill asking that their claim of title be established and confirmed. Both sides claimed title through a com-

mon source, Alice Jamison, and, in addition, appellees claimed title by adverse possession for more than ten years. The chancery court granted the relief prayed for in the cross-bill, from which decree appellant appeals.

The following facts were established, without any substantial conflict, in the evidence: In 1916, Alice Jamison was the owner of Lots 5 and 6 in section 6, Township 27, Range 1, east, in Quitman County. Lot 6 adjoins Lot 5 on the east. While such owner, and in April of that year, appellant made her a loan of $6500, evidenced by her promissory note, to secure which she gave a deed of trust on Lot 5. On October 21, 1920, she executed another note and deed of trust to secure the same on Lot 5 in appellant's favor, and again on April 15, 1926, another to secure a note for $5600. In all these deeds of trust, the property conveyed was described as Lot 5, section 6, Township 27, Range 1, east, in Quitman County, Mississippi. The last one executed was foreclosed on February 15, 1930, appellant becoming the purchaser at the foreclosure sale, and receiving a deed accordingly.

A bayou runs through Lot 5 in a northerly and southerly direction near its east boundary. The evidence tended to show, and the chancellor found, that the true line between the two lots was not the bayou, as claimed by appellees, but was east of the bayou. The area between the true line and the bayou is the 7.25 acres in controversy, and is in Lot 5, not in Lot 6.

In the latter part of 1925 and the early part of 1926, Miss Jamison conveyed to appellees, by two deeds, Lot 6 and the 7.25 acres in controversy in Lot 5. They thereupon went into possession of the land conveyed and openly exercised acts of ownership thereof up to the time of the filing of the original bill in this cause in 1937.

The appellees base their claim on two grounds: (1) Open and notorious adverse possession under claim of title for more than ten years before the filing of the original bill; (2) the right to reform the deeds of

trust and trustee's deed, under which appellant claims title, so as to exclude therefrom the 7.25 acres involved upon the ground that it was included through mutual mistake of the parties thereto. The chancellor did not pass on the first question, but held with appellees on the second. We will consider them in the order stated.

It will be observed that less than ten years elapsed between appellant's purchase at the foreclosure sale, and the filing of the original bill, but more than ten years elapsed between appellees' purchase and the filing of the original bill. The question is, did adverse possession begin with appellees' purchase or appellant's purchase? When appellees received their conveyance, appellant held a recorded unsatisfied mortgage on the property. We pass the question, whether title by adverse possession can be acquired as against a live outstanding mortgage (that subject is treated in 1 R. C. L., p. 748, sec. 70). It is unnecessary to decide that question because the evidence shows, without any substantial conflict, that such possession did not begin until after the foreclosure and purchase by appellant in 1930, less than ten years before suit. Appellant's right of possession did not begin until then. Alice Jamison was rightfully in possession as against appellant until she conveyed to appellees, and then the latter were in rightful possession under such conveyance until the foreclosure and purchase by appellant. Until that time, they had the right, as did Alice Jamison, to possess, improve, and use the land as their own. It was in fact their own, subject to the mortgage. The presumption is, they held it subject to the mortgage. There is no substantial evidence to overcome that presumption.

We are of the opinion that the decree reforming the deeds of trust and the trustee's deed on the ground of mutual mistake was not sufficiently supported by the evidence. Under the law to justify such a decree, the evidence must show the mutual mistake beyond a reasonable doubt. Watson v. Owen, 142 Miss. 676, 107 So.

865; Progressive Bank of Summit v. McGehee, 142 Miss. 655, 107 So. 876; Rogers v. Clayton, 149 Miss. 47, 115 So. 106; Harrington v. Harrington, 2 How. 701. In the Harrington Case, Judge Sharkey said that proof should be clear beyond a reasonable doubt; and that it was better that a doubtful written instrument should stand, than that a doubtful provision should be substituted by parol testimony.

It is true that there was some evidence to support appellees' contention, but it falls short of meeting the requirements of the law. In each of the three deeds of trust, the property was described as Lots 5 without any exception in the description. They were executed at different times during a period of about twenty years. Therefore, if a mistake was made, exactly the same one was made three times. There was ample evidence to show that no mistake was made. Certainly it was not shown beyond a reasonable doubt. .

The result is a judgment here for appellant establishing his title to the land involved, but the cause is remanded to enable the chancellor to pass on what is a reasonable rental, and adjust the taxes, if necessary. Those questions were not passed on in the decree.

Reversed and remanded.