## Allison v. Allison et al.

(In Banc. Jan. 12, 1948.)

[33 So. (2d) 289. No. 36648.]

Stone & Stone, of Coffeeville, for appellant.

Cowles Horton, of Grenada, for appellee.

Roberds, J., delivered the opinion of the court.

Charles H. Abel and wife, by warranty deed, dated September 11, 1946, conveyed to A. A. Allison and his wife, Mrs. Sallie E. Allison, a house and lot in the City of Grenada, Mississippi. Mr. Allison departed this life September 30th thereafter. On April 9, 1947, Mrs. Allison filed the bill in this cause, alleging that the inclusion of A. A. Allison as a grantee in that deed was a mistake, and praying for a decree reforming the deed, eliminating therefrom the name of A. A. Allison as a grantee, and adjudicating her to be the sole owner of the premises. When complainant rested her case, the learned chancellor, on motion of respondents, excluded the evidence and dismissed the bill. From that action, Mrs. Allison appeals here. She says her bill stated, and the evidence established, a cause of action.

The proof shows that for many years Mr. and Mrs. Allison resided upon a farm of several hundred acres in Grenada County, Mississippi. Originally, the title was in Mr. Allison. On April 3, 1920, Mr. Allison, for some reason not disclosed, deeded this property to his wife, the appellant. Later, forty-one acres were conveyed her by two other parties. Upon the original lands, Mr. and Mrs. Allison had lived and toiled, Mr. Allison working and managing the farm and Mrs. Allison keeping the home. Here they had reared eight children, all adults when this bill was filed. The children grew up and moved away. The parents decided they would sell their home and move into the City of Grenada. They did sell the home, and certain personal property connected therewith, to W. W. Odom for $12,300, and, on September 11, 1946, they executed to Odom a deed to the land. Odom gave a check for $6,300, executed a note for the balance of the purchase price, together with a trust deed on the land securing the note. The check and note were payable to Mr. and Mrs. Allison, and the deed of trust named them as beneficiaries. The Abel deed to the Grenada property bears the same date as the Odom deed. Abel was paid $6,000 for the Grenada property. This was done with the proceeds of the Odom check upon endorsement thereof by Mr. and Mrs. Allison.

The Abel deed was prepared by an attorney of Grenada, admitted by all parties to have been competent, careful and of the highest character, and who died prior to the trial of this cause. He inquired of Abel who should be named as grantee in his deed, and Abel, not knowing, inquired of one of the children, who said she was certain it would be proper to name Mr. and Mrs. Allison as the grantees. However, the attorney was not satisfied with that and said he would await instructions from Mr. Allison, who later, in the absence of Mrs. Allison, gave the attorney instructions to name himself and wife as grantees. The deed was accordingly drawn.

It is further shown that the bank account was generally carried in the name of Mr. Allison, but Mrs. Allison was permitted to, and did, occasionally draw checks thereon.

The bill is grounded alone on mistake. It repeatedly disclaims any intimation that Mr. Allison was guilty of any wrong or fraud. The chancellor found there was no mistake—certainly no mutual mistake—and refused to reform the deed. He was amply justified in doing that. In the first place, Mr. Allison alone had the original title to the old home place, and, for love and affection, he placed the title in his wife. In the family it was considered their common property. In the second place, the sale to Odom included considerable personal property (the exact value not being shown), title to which was in Mr. Allison. And in the third place, the record discloses that Mr. and Mrs. Allison were devoted to each other and lived a long and happy life as man and wife, toiling and sacrificing and accumulating together, rearing a large family of eight children, who had a sincere devotion each for the other, and who honored and loved their father and mother. Mr. Allison would not have directed the attorney to include his name as a grantee had he not thought his wife understood this and that it was agreeable to her. The inclusion of his name was not a mistake so far as he was concerned, and he did not think it was a mistake as to his wife. In addition, the Odom check for the cash payment, and the note and trust deed for the deferred payment, of the farm, were made to both of them, and Mrs. Allison must have known that because she endorsed the check for the purpose of making the cash payment on the Grenada property. The chancellor would have been well warranted in finding that no mistake at all was made, but he certainly was amply justified in finding that there was no mutual mistake. To warrant the reformation of a deed on the ground of mutual mistake the evidence must be clear and convincing. Jones v. Jones, 88 Miss. 784, 41 So. 373; Lamar v. Lane, 170 Miss.

260, 154 So. 709; Seymour v. Lamb, 185 Miss. 37, 185 So. 824. In the absence of fraud, or inequitable conduct of one of the parties, the mistake, to justify a reformation of an instrument, must be a mutual mistake. 45 Am. Jur., 606, Sec. 46; Whitney Central National Bank v. First National Bank, 158 Miss. 93, 130 So. 99; Wall v. Wall, 177 Miss. 743, 171 So. 675. As stated, the bill disclaims any intimation Mr. Allison was guilty of any wrong. No mutual mistake is shown.

Mrs. Allison took the stand as a witness. The chancellor sustained objection to her testimony as to events, or facts, occurring before the death of her husband on the ground that this was an effort to establish her claim against his estate arising during the lifetime of Mr. Allison. In this, the chancellor was correct. Section 1690, Code 1942. He permitted her to testify to facts and events happening since his death. There was objection to this, but we do not need to pass on that action because the decree was in favor of the objectors and naturally no cross appeal was taken from that decree, and, therefore, no question is raised on this appeal as to the correctness of that ruling.

Affirmed.