GILLESPIE, Chief Justice:
The appellees (Complainants) are the heirs of Curley Nobles, deceased, and their grantees who sued the appellants (Defendants), who are the heirs of L. N. Mixon, deceased, and their grantees and successors in title, to confirm title to eight acres of land situated in Clarke County. The Defendants answered and filed therewith a cross-bill seeking to confirm title in themselves. The Complainants offered record evidence of a perfect fee simple title in themselves and rested. The Defendants then offered evidence in support of their cross-bill, wherein it was averred that a 1942 deed from L. N. Mixon to Curley Nobles contained an erroneous description as a result of a mutual mistake, and sought a reformation of the deed from Mixon to Nobles dáted September 19, 1942, and confirmation of title in the Defendants. At *621 the conclusion of the testimony offered in support of the cross-bill, the Complainants moved the court to exclude the evidence and enter a decree for the Complainants. This motion was sustained and a decree was entered confirming title in the Complainants. Defendants appealed.
THE FACTS
The chancellor sustained the motion to exclude the evidence and dismissed the cross-bill, therefore, we view the evidence in support of the cross-bill in the light most favorable to the Defendants.
On September 19, 1942, the date of the deed in question, L. N. Mixon owned the eight acres of land involved in this suit in fee simple. We refer to this land as the Disputed Tract. In the adjoining section, L. N. Mixon owned an undivided one-fifth interest in eight acres of land exactly the same size and shape as the Disputed Tract, and situated in the same relative position in the governmental section. This tract in which L. N. Mixon owned an undivided one-fifth interest is referred to as the Nobles Home Place. The deed from Mixon to Nobles conveyed the Disputed Tract. At this time Curley Nobles was living in a house situated on the Nobles Home Place —apparently as a tenant. Curley Nobles continued to live on the Nobles Home Place until her death in 1968, and her heirs were still living on this tract when this lawsuit was tried. In 1947, Curley Nobles conveyed to her daughter, Addie Johnson, a quarter of an acre described as being situated in and forming a part of the Disputed Tract. Addie Johnson gave a deed of trust by the same description but built a home on the same relative position in the Nobles Home Tract. Curley Nobles, until her death and thereafter her heirs, paid taxes on the Disputed Tract since 1942. Curley Nobles, while living on the Nobles Home Place, secured homestead exemption throughout the years and her heirs thereafter on the Disputed Tract. For many years Curley Nobles was a recipient of welfare from the Welfare Department, and signed documents stating that her only property was her home place where she lived, describing her home as the Disputed Tract.
The Defendants averred in their cross-bill that they had been in adverse possession of the Disputed Tract, but the evidence in this regard failed and it was not shown that any of the parties had continuous adverse possession of the property for as much as ten years.
Defendant’s had the burden of proving by clear and convincing evidence that there was a mutual' mistake in the 1942 deed from L. N. Mixon to Curley Nobles. Allison v. Allison, 203 Miss. 15, 33 So.2d 289 (1948). It may be conceded for the purposes of this decision that there was such mistake as far as Curley Nobles was concerned. The question then is whether the evidence, viewed in the light most favorable to the Defendants, established by clear and convincing evidence that there was a mistake on the part of L. N. Mixon. In our opinion, the Defendants failed to meet the burden of proof. The deed from Mixon to Nobles, was a warranty deed. Mixon was the postmaster at Shubuta, Mississippi, and he is presumed to have known that he could not give a warranty deed to land in which he only had an undivided one-fifth interest. He owned the Disputed Tract in fee simple and it was only a short distance from where he lived. The evidence is far from clear and convincing that Mixon intended to give a warranty deed to land that he did not own. We hold that the Defendants did not establish by clear and convincing evidence that there was a mutual mistake in the 1942 deed.
Assuming as true all of the evidence on behalf of the Defendants, this is not a case for reformation because the effect would be to deprive the Complainants of title to the Disputed Tract without vesting full title in them to the Nobles Home Tract. There is no justification for canceling Complainants’ title to the Disputed Tract when the Defendants are unable to convey to Complainants a good title to the *622 Nobles Home Place. To do so would be inconsistent with the doctrine of restoration of the status quo. See 76 C.J.S. Reformation of Instruments § 36, p. 382. It is possible that Complainants have acquired title to the Nobles Home Place by adverse possession. Cf. Quates v. Griffin, 239 So. 2d 803 (Miss.1970). But title to four-fifths interest in the Nobles Home Place at best rests in pais and in doubt.
Defendants assign as errors certain actions of the chancellor in ruling on questions of evidence, but we are of the opinion that this does not require discussion, since any version of the testimony offered and excluded would not aid Defendants’ case.
We are of the opinion that the chancellor correctly decided the case and it ought to be and is affirmed.
Affirmed.
RODGERS, P. J., and SMITH, ROBERTSON and WALKER, JJ., concur.