289 So.2d 925 (1974)
UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Appellant,
v.
Ronald C. GOUGH, Jr. Complainant-Appellee.
No. 47387.
Supreme Court of Mississippi.
February 11, 1974.
Snow, Covington, Temple & Watts, Meridian, for defendant-appellant.
Warner & Ray, Leonard B. Cobb, Meridian, for complainant-appellee.
PATTERSON, Justice:
The United States Fidelity & Guaranty Company appeals from a decree of the Chancery Court of Lauderdale County which reformed a policy of insurance issued to Ronald C. Gough, Jr. The policy was reformed to include uninsured motorist coverage provided by Mississippi Code 1942 Annotated section 8285-51 (Supp. 1972).
Other than the necessary formalities the bill of complaint alleges that Gough purchased a policy of insurance from the defendant *926 for a term beginning January 7, 1967, and extending to January 7, 1968. It is then alleged that the policy was issued and delivered to the complainant prior to January 1, 1967, but subsequent to the enactment of Section 8285-51 by the Mississippi Legislature during its 1966 session.
The charge is made that the defendant was aware of the legislative act and knew that any policy issued or delivered on January 1, 1967, or thereafter, must contain the uninsured motorist coverage provided by the act unless rejected in writing by the insured. There follows the complainant's allegation that he did not reject the uninsured motorist coverage and was not offered the opportunity to do so. Copies of the policy and Section 8285-51[1] were attached as exhibits to the bill.
There follows a statement that the complainant's wife was involved in an automobile accident on March 30, 1967, with an uninsured motorist and that the insurer has denied that the provisions of Section 8285-51 became a part of the policy. The bill concludes with a prayer for the policy to be reformed so as "to provide that said contract does contain, by operation of law, uninsured motorist coverage."
A general demurrer was filed to the bill of complaint. Two of the grounds set forth were, there was no equity on the face of the bill and the allegations disclose that the policy was not "issued or delivered after January 1, 1967," (Emphasis added) and was therefore not subject to Section 8285-51. The demurrer being overruled by the court, the defendant filed its answer admitting the allegations of the bill except that it averred "complainant's interpretation of the law set forth is incorrect." This is followed by the assertion that there is no equity on the face of the bill and that it alleges no cause of action.
The case was tried upon an agreed statement of facts, for this suit only, which were equivalent to the material allegations of the bill of complaint. There was included a statement of the legal positions of the parties as follows:
Complainant contends that 1942 Mississippi Code Section 8285-51 is applicable to this case because the policy sued on was made effective beginning January 7, 1967, or after January 1, 1967, while defendant contends that since the policy sued on was physically issued and delivered to complainant before January 1, 1967, that the statute mentioned is not applicable.
From the agreed facts the court entered its decree reforming the contract of insurance so as to include the provisions of Section 8285-51.
The first issue raised on appeal is that there were no allegations in the bill of complaint warranting equitable reformation of the contract and therefore the court erred in granting this relief under the stipulated facts for the same reasons set forth by the demurrer.
There can be no doubt that the provisions of Section 8285-51 would have been written into the contract of insurance by operation of law if it had been issued and delivered subsequent to January 1, 1967, the effective date of the act, and little doubt the same provisions were written into it by law though the policy was physically *927 issued and delivered prior to January 1, 1967, since its terms clearly indicate that the contract was to have validity beginning January 7, 1967. In United States Fidelity & Guaranty Company v. Stafford, 253 So.2d 388 (Miss. 1971), we stated:
It is the law in this state as it is in most jurisdictions that if there is any difference between an insurance policy as written by the company and the requirements by statute of the state, the requirements of the statute are incorporated into and become a part of the policy of the insurance company. (253 So.2d at 391)
See also Williams v. Moran, 233 So.2d 110 (Miss. 1970); Commercial Casualty Ins. Co. v. Skinner, 190 Miss. 533, 1 So.2d 225 (1941). However, the primary issue before the Court is whether a cause of action was stated for reformation.
Reformation of a contract is ordinarily justified in equity only if there is a mutual mistake of the parties, that is, a variance between their agreement and the instrument intended to express it, or there is a mistake on the part of one of the parties to the contract and fraud or inequitable conduct related to the mistake on the part of the other. The purpose of reformation is to grant to each of the parties exactly what they intended when their agreement was made. In Johnson v. Consolidated American Life Insurance Company, 244 So.2d 400 (Miss. 1971), it is said:
The general rule in this state and elsewhere is that reformation of a contract is justified only (1) if the mistake is a mutual one, or (2) where there is a mistake on the part of one party and fraud or inequitable conduct on the part of the other... . (244 So.2d at 402)
See also Allison v. Allison, 203 Miss. 15, 33 So.2d 289 (1948), and McClintock on Equity, §§ 96 and 100 (2d Ed. 1948).
The bill of complaint does not allege a mutual mistake of the parties. Neither does it allege a unilateral mistake by one of the parties and fraud or inequity by the other. This being true, by admission of the demurrer as well as the agreed facts, we conclude, as we think we must from the authorities, that the trial court erred in overruling the demurrer or in reforming the contract. The reformation does no more than duplicate that which was implicit in the agreement by operation of law.
Reversed and rendered.
RODGERS, P.J., and INZER, SMITH and SUGG, JJ., concur.
NOTES
[1] No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Act, as amended, under provisions approved by the Commissioner of Insurance. Provided, however, that the coverage required herein shall not be applicable where any insured named in the policy shall reject the coverage in writing and provided further, that, unless the named insured requests such coverage in writing, such coverage need not be provided in any renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer.