418 So.2d 777 (1982)
Martha WEATHERFORD, et al.
v.
Lequita Jerry MARTIN, Laura Jo Edwards, Martha Nell Johnson, Helen B. Nicholson and Ludell Allen.
No. 53331.
Supreme Court of Mississippi.
August 4, 1982.
Rehearing Denied September 8, 1982.
Pope & Pope, Moran M. Pope, Jr., Hattiesburg, for appellants.
Parsons & Matthews, Thomas M. Matthews, Jr., Wiggins, for appellees.
Before WALKER, P.J., and BROOM and ROY NOBLE LEE, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Chancery Court of Forrest County, Mississippi, wherein five separate suits, brought by five teachers of the Hattiesburg Municipal Separate School District against the Trustees and Superintendent of the District were consolidated for trial. From a decision of the Chancery Court modifying the salary portion of the contracts to increase the gross salary of each teacher, the Hattiesburg Municipal Separate School Board appeals.
The facts of this case are not disputed by the parties. The appellees, Lequita Jerry Martin, Laura Joe Edwards, Martha Nell Johnson, Helen B. Nicholson and Ludell Allen (hereinafter teachers) brought suit in the Chancery Court of Forrest County, Mississippi, against the Hattiesburg Municipal Separate School District (hereinafter district) seeking the court to modify and correct the contracts they executed for the school year of 1979-1980. The teachers claimed that their salaries had not been properly computed by the Superintendent of Education and that the minutes of the school board had been misinterpreted.
The district contended that the teachers had notice of the district's policies with respect to requirements for receiving local supplements to their salary and that the teachers' gross salaries were properly calculated based on long-standing district policy. The requirements for earning local supplements to their salary were published in a "Teacher's Handbook" which were admittedly given to every teacher in the school system. All five of the teachers in this case knew of the policy requirements but did not understand it or agree with it.
*778 Schedules for local salary supplements were adopted by the school board but were not accompanied by the policy of the district applying the schedules. However, the salary schedule and policies of interpretation were included in the "Teacher's Handbook," which had been published by the school board for many years. The Handbook was generally recognized by teachers in the system as the official school policy.
The district had the authority to create additional incentives for teachers to receive local supplements and these same teachers were either actually or constructively aware of the requirements and policies with respect thereto of the district when they executed their contracts for the 1979-1980 school year.
Moreover, absent mutual mistake, fraud and illegality, the courts do not have the authority to modify, add to, or subtract from the terms of a contract validly executed between two parties. United States Fidelity & Guaranty Co. v. Gough, 289 So.2d 925 (Miss. 1974); Citizens National Bank of Meridian v. L.L. Glascock, Inc., 243 So.2d 67 (Miss. 1971); Travelers Indemnity Co. v. Chappell, 246 So.2d 498 (Miss. 1971); Employers Mutual Casualty Co. v. Nosser, 250 Miss. 542, 164 So.2d 426 (1964); Phenix Ins. Co. v. Dorsey, 102 Miss. 81, 58 So. 778 (1912). None of those elements were present here.
In conclusion, we hold that since the teachers had sufficient knowledge of the policies of the district and that they knowingly entered into a valid teaching contract with the district, they cannot now assert that the courts of this State should reform, modify, amend or interpret a contract which was unambiguous. See also Hartford Fire Ins. Co. v. Associates Corp., 313 So.2d 404 (Miss. 1974); United States Fidelity & Guaranty Co. v. Gough, 289 So.2d 925 (Miss. 1974).
Therefore, the decree of the chancery court modifying the contracts of Lequita Jerry Martin, Laura Joe Edwards, Martha Nell Johnson, Helen B. Nicholson and Ludell Allen with the Hattiesburg Municipal Separate School District for the 1979-1980 school year is reversed and the original contracts reinstated.
REVERSED AND RENDERED.
PATTERSON, C.J., SUGG, P.J., BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, and PRATHER, JJ., concur.